## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CHRISTINE BROWN                    :    Case No.
135 Roper Lane                     :
Butler, PA 16001                   :
                                   :
          Plaintiff,               :    COMPLAINT
                                   :
vs.                                :    FILED ON BEHALF OF:
                                   :    Plaintiff, Christine Brown
ERIC K. SHINSEKI, Secretary of     :
the Department of Veterans'        :
Affairs                            :
810 Vermont Avenue N.W.            :    COUNSEL OF RECORD FOR
Washington, D.C. 20420             :    PARTY:
                                   :    Neal A. Sanders, Esquire
          Defendant.               :    PA ID NO. 54618
                                   :    Dirk D. Beuth, Esquire
                                   :    PA ID NO. 76036
                                   :    Law Offices of Neal A. Sanders
                                   :    1924 North Main Street Ext.
                                   :    Butler, PA  16001
                                   :
                                   :    (724) 282-7771
                                   :
                                   :    JURY TRIAL DEMANDED
```

**COMPLAINT AND JURY DEMAND**

Plaintiff Christine Brown, complaining of Defendant Eric K. Shinseki, Secretary of the Department of Veterans' Affairs, alleges as follows:

**PARTIES**

1.   Plaintiff, Christine Brown, is an individual citizen who currently resides at 135 Roper Lane, Butler, PA 16001.

2.   Defendant, Eric K. Shinseki, is the Secretary of the Department of Veterans' Affairs, an independent establishment of the executive branch of the United States Government, with offices located at 810 Vermont Avenue N.W., Washington, D.C. 20402.

**JURISDICTION AND VENUE**

3.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>.

4.  Jurisdiction over all Counts of this action is conferred upon this Court by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

5.  Venue is properly laid in the Western District of Pennsylvania, because all transactions and occurrences which give rise to this action occurred within this District.

**<u>COUNT I</u>**
**<u>Title VII</u>**
**<u>Gender Discrimination - Disparate Treatment</u>**

6.  Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e.  Specifically, Defendant is an agency of the federal government.

7.  At all time relevant hereto, Plaintiff was employed by the Butler Veterans' Administration Hospital as a licensed practical nurse.

8.  At all times relevant hereto, Plaintiff was qualified for the position of licensed practical nurse.

9.  At all times relevant hereto, Plaintiff was a member of a class protected under the provisions of Title VII by reason of her gender, female.

10.  On or about February 18, 2009, Plaintiff took a photograph of a patient in the whirlpool tub.  The photograph was not obscene or otherwise demeaning.

11.  Based on the relevant consent form in the patient consent book, Plaintiff subsequently printed out the picture and posted it on a bulletin board in the patient's room which Bulletin Board was dedicated to raising the patient's morale and which had other similar photographs posted.

12.  On May 15, 2009, Plaintiff was issued a letter of proposed removal based on allegations that she did not have the proper consent to take and post the picture, that she argued with her supervisor when questioned concerning the incident, and that she violated patient privacy by accessing the patient's file.

13.  In fact, Plaintiff did have proper consent, and the other allegations were pure fabrication.

14.  On May 22, 2009, Plaintiff was informed that she was being placed on administrative leave effective immediately while an investigation was conducted.

15.  At the time that Plaintiff was issued the letter of proposed removal male employees who had previously engaged in substantially similar conduct were not disciplined in any way and were permitted to continue to perform their duties.

16.  On June 2, 2009, the letter of proposed removal was rescinded and then amended to include allegations that Plaintiff had violated patient privacy on another occasion by accessing the medical records of a patient in another ward to whom she was not providing care.  The revised letter of removal also alleged more serious breaches of policy based on the same allegations that were the subject of the first letter.

17.   The new allegation was fabricated as Plaintiff had not engaged in such an action and her supervisor was aware of this fact.

18.   On July 1, 2009, the day before the letter was amended, the proposed removal was sustained with an effective termination date of July 19, 2009.

19.   At the time that Plaintiff's employment was terminated, similarly situated male employees were treated more favorably in that they were not disciplined or terminated despite having actually engaged in conduct nearly identical to that of which Plaintiff was accused.

20.   The Defendant, acting through its employees and agents, was motivated by Plaintiff's gender when it terminated Plaintiff's employment.

21.   By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her gender when it terminated Plaintiff's employment, and in doing so, the Defendant violated Title VII, 42 U.S.C. §2000e <u>et seq.</u>

22.   As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and front pay, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

23. Plaintiff filed a charge of discrimination with the EEO (ORM) complaining of gender discrimination and unlawful retaliation. A final agency decision was issued on or about April 27, 2010. It was received on April 30, 2010. Less than thirty days have elapsed since the Plaintiff received this decision. A true and correct copy of this decision is attached hereto as Exhibit 1.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay or reinstatement, compensatory damages for humiliation, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

### Count II
### Title VII
### Retaliation

24. Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 23 as though the same were set forth herein at length and made a part hereof.

25. On or about May 23, 2009, Plaintiff initially engaged in activity protected under the provisions of Title VII by initiating contact with an EEO counselor. Defendant received notice of this filing on May 23, 2009. Direct written contact also occurred to Defendant offices on June 4, 2009 and June 24, 2009, concerning the pending EEO case.

26. Following the time that Plaintiff engaged in protected activity, the Defendant retaliated against her through the following acts:

      a.   On June 1, 2009, a few days after the Defendant learned of Plaintiff's protected activity, Plaintiff was informed that the original letter of proposed removal had been rescinded, but, on June 2, 2009, a revised letter was issued containing more serious charges based on the same alleged conduct that was the subject of the first letter and adding an additional fabricated allegation.

      b.   On June 19, 2009, during a investigatory meaning, Plaintiff was informed that additional evidence, consisting of a manager's testimony, had been produced which supported the allegation that she had accessed medical records without authorization. This evidence was fabricated.

      c.   On July 2, 2009, the letter of proposed removal was sustained with an effective termination date of July 19, 2009 even though there was no justification for Plaintiff's termination and other employees had engaged in substantially similar conduct without consequence.

27. The Defendant, acting through its agents, servants, and/or employees was motivated by an intent to retaliate against Plaintiff because of her protected activity when performing the foregoing acts.

28. The foregoing acts would dissuade an employee from making or supporting a claim of discrimination.

29. By reason of the foregoing, the Defendant unlawfully retaliated against Plaintiff for engaging in activity protected under the provisions of Title VII, and in doing so, the Defendant violated Title VII, 42 U.S.C. §2000e *et seq*.

30. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and

front pay, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay or reinstatement, compensatory damages for humiliation, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS,

Dated:  May 21, 2010         By:/s/Neal A. Sanders
                                Neal A. Sanders, Esquire
                                PA ID NO. 54618
                                Co-Counsel for Plaintiff,
                                Christine Brown

                             By:/s/Dirk D. Beuth
                                Dirk D. Beuth, Esquire
                                PA ID NO. 76036
                                Co-Counsel for Plaintiff,
                                Christine Brown

                                Law Offices of Neal A. Sanders
                                1924 North Main Street Ext.
                                Butler, PA  16001

                                (724) 282-7771

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                             By:/s/Neal A. Sanders
                                Neal A. Sanders, Esquire

                             By:/s/Dirk D. Beuth
                                Dirk D. Beuth, Esquire